**MEMO ENDORSED**

**THE KATRIEL LAW FIRM, P.C.**
2262 Carmel Valley Road, Suite 201
Del Mar, California 92014
Telephone: (619) 363-3333  Facsimile: (866) 832-5852
www.katriellaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/16/2025

January 15, 2025

**VIA ECF**

Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Sol Tan Tanning & Spa, LLC v. HydraFacial LLC et al.*,
             No. 1:24-cv-08073-VEC (S.D.N.Y.)

Dear Judge Caproni:

    In advance of the January 17, 2025 Initial Scheduling Conference, Plaintiff Sol Tan Tanning & Spa, LLC and Defendants HydraFacial LLC and The Beauty Health Company ("Defendants" and collectively the "Parties") write to provide a status report of developments that have occurred since the Parties jointly submitted their Case Management Plan and Joint Letter. *See* ECF Nos. 25 and 25-1.

    Counsel for the Parties have conferred and agreed to attempt to resolve the matter through a private mediation. The Parties are aiming to schedule the mediation in the next 60 to 90 days, subject to mediator availability and availability of the mediation participants. The Parties propose to notify the Court of their mediator and mediation date by February 7, 2025.

    As a condition to the agreement to mediate, the Parties have agreed, subject to the Court's approval, to stay discovery pending mediation. To make the mediation as productive as possible, the Parties have agreed to a confidential exchange subject to the mediation privilege of targeted information that is reasonably necessary to advance their respective mediation and settlement positions, with the precise scope of such information to be negotiated.

    Under the current schedule, Plaintiff's opposition to Defendants' motion to dismiss is due by January 20, 2025. *See* ECF No. 18. Defendants' motion to stay discovery pending resolution of their motion to dismiss is fully briefed. *See* ECF Nos. 26, 31, and 33. So their efforts may be most efficiently directed towards the ongoing settlement discussions and planned mediation, the Parties respectfully request that Defendants' pending motions to dismiss and to stay discovery be held in abeyance and proceedings in this matter be stayed until the conclusion of the mediation. The parties respectfully submit that a modest stay while the parties pursue a mediated settlement would be in the best interests of judicial economy.

    Within seven days following the mediation, the Parties will jointly inform the Court as to the outcome of the mediation. Should the mediation not result in a settlement, any stays will

automatically be lifted, and the Court would call for a further Case Management Conference regarding consideration of Defendants' pending motions and entry of a Scheduling Order.

    Should Your Honor wish to proceed with the Initial Scheduling Conference scheduled for this Friday, counsel for the parties look forward to appearing before the Court to further address these and any other case-related matters.

Respectfully submitted,

/s/ Roy A. Katriel (*pro hac vice*)        /s/ John C. Scalzo

    *Counsel for Plaintiff*            *Counsel for Defendants*

---

The initial pretrial conference scheduled for January 17, 2025, and Plaintiff's deadline to respond to Defendants' motion to dismiss are ADJOURNED *sine die* pending the outcome of mediation. The motion to stay discovery (Dkt. 26) is DENIED AS MOOT in light of the parties' agreement to stay discovery pending the outcome of mediation.

Not later than **February 7, 2025**, the parties must file a joint letter indicating the date (not later than May 8, 2025) on which mediation is scheduled to occur. Not later than **seven days after mediation**, the parties must either (1) file a joint letter indicating that a settlement was reached or (2) file a revised proposed case management plan and a revised joint letter containing the information outlined in Paragraph 2 of the Notice of Initial Pretrial Conference (Dkt. 8).

If the case fails to settle and Defendants wish to renew their request to stay discovery pending resolution of the motion to dismiss, they must do so in the pre-conference joint letter, not in a separate motion. As indicated in Rule 3(B)(iii) of the Undersigned's Individual Practices in Civil Cases, parties should not make written submissions regarding discovery disputes absent Court permission.

SO ORDERED.

*[signature]* 1/16/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE