**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOL TAN TANNING & SPA LLC, CLEAN SLATE ESTHETICS, LLC, CRYSTAL LOYER dba GLOW STUDIO, DYANE THYFAULT dba LOTUS WAXING & SKINCARE STUDIO, ELITE SKIN AND BODY, LLC, GLAM ESSENCE MED SPA, LLC, GLAM+GLOW BEAUTY BAR, LLC, SPA THIRSTY, INC., LA CHÍC BOHÈME COLLECTIVE LLC dba LA CHÍC BOHÈME, LAURIE CHAMPAGNE dba CHAMPAGNE AESTHETICS, LLC, SAMANTHA SILVA dba ABSOLUTE SKINCARE SPA, LASHES, SKIN & WAXING WITH ALLYSON, LLC, SKYN ALCHEMY, INC., SUSANA WETZEL dba BEACHSIDE BEAUTY, THE GLOW AESTHETICS 808, LLC, TOUCH OF SAM LLC, et al. On Behalf of Themselves And All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>HYDRAFACIAL LLC dba THE HYDRAFACIAL COMPANY,<br><br>Defendant. | **Civil Case No.: 1:24-cv-08073** |

## ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, an action is pending before the Court styled as *Sol Tan Tanning & Spa, LLC et al. v. Hydrfacial LLC dba The Hydrafacial Company*, No.1:24-cv-8073-VEC; and

WHEREAS, named Plaintiff Spa Thirsty, Inc. ("Plaintiff") and Defendant Hydrafacial LLC dba The Hydrafacial Company (collectively "Defendant") have entered into a Class Action Settlement Agreement ("Settlement Agreement"), which, together with the exhibits attached thereto, set forth the terms and conditions for a proposed settlement (the "Settlement") to and

1

dismissal of the Action with prejudice as to Defendant with respect to the claims of Plaintiff and the members of the Settlement Class upon the terms and conditions set forth therein and the Court having read and considered the Agreement and exhibits attached thereto;

WHEREAS, the claims of the remaining fifteen (15) plaintiffs named in the Second Amended Class Action Complaint in the Action, other than Plaintiff Spa Thirsty, Inc., are being resolved by way of fifteen (15) individual settlement agreements;

WHEREAS, Plaintiff has moved the Court for an order (i) preliminarily approving the Settlement under Federal Rule of Civil Procedure 23, (ii) finding that the Court will likely be able to certify the Settlement Class after the Final Approval Hearing, and (iii) directing notice as set forth herein;

WHEREAS, Defendant does not oppose the motion or requested relief;

WHEREAS, the Settlement appears to be the product of informed, arms' length settlement negotiations among Class Counsel, and counsel for Defendant, which negotiations were conducted following an unsuccessful mediation session before Greg Danilow, an experienced and independent mediator at Philips ADR Enterprises;

WHEREAS, the Court is familiar with and has reviewed the record, the Settlement Agreement, Plaintiff's Unopposed Motion For Preliminary Approval of Class Action Settlement, the Memorandum of Law in Support thereof, and the supporting Declarations, and has found good cause for entering this Order; and

WHEREAS, unless otherwise specified, all capitalized terms used herein have the same meanings as set forth in the Agreement.

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

### Settlement Class Certification

1.      The Parties have agreed to the following Settlement Class definition for purposes of approval and effectuation of this Settlement only:

> All persons or entities who purchased, leased, or otherwise acquired a
>
> Syndeo within the borders of New York State by the date of this Order.

The Court appoints Plaintiff Spa Thirsty, Inc. and Class Counsel Roy A. Katriel of The Katriel Law Firm. P.C. and Ralph B. Kalfayan of The Kalfayan Firm, A.P.C. as class representatives and Class Counsel, respectively.  As part of its decision to grant preliminary approval to the Settlement and solely for that purpose, the Court finds the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) to be met, including as follows:

  a.      The members of the Settlement Class are too numerous for their joinder to be practicable;

  b.      Questions of law and fact common to the Settlement Class predominate over individualized questions, including: Whether the Syndeo was defective and whether Defendant made omissions or representations about the Syndeo that injured the members of the Settlement Class;

  c.      Plaintiff's claims are typical of the claims of the Settlement Class. Each claim arises from Defendant's alleged common conduct in marketing and selling the Syndeo machine;

  d.      Plaintiff is an adequate class representative whose interests in this matter are aligned with those of the other Settlement Class Members, and the Court hereby appoints Plaintiff as Settlement Class Representative. Additionally,

Roy A. Katriel of The Katriel Law, Firm, P.C., and Ralph B. Kalfayan of The Kalfayan Firm, A.P.C. are hereby appointed Class Counsel for purposes of the Settlement as the Court finds that Class Counsel are experienced in prosecuting complex class actions, have committed the necessary resources to represent the Settlement Class, and have adequately represented the interests of the members of the Settlement Class throughout the Action; and

e. For purposes of this Settlement and this pending preliminary approval motion, the Court finds that a class action is a superior method for the fair and efficient resolution of this matter, especially given the high costs of litigation relative to the available individual recovery and the efficiencies to be gained by class treatment over a multiplicity of individual actions.

**Preliminary Approval of the Settlement**

2. The Settlement is the product of non-collusive, arm's-length negotiations between experienced class action attorneys who were well-informed of the strengths and weaknesses of the Action, including through extensive discovery, pleading and motion practice, and whose settlement negotiations included an initial unsuccessful mediation before Greg Danilow, an experienced and independent mediator at Philips ADR Enterprises. The Settlement confers substantial benefits upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial and/or appeal concerning the claims at issue. The Settlement falls within the range of possible recovery, compares favorably with the potential recovery when balanced against the risks of continued prosecution of the claims in the Action, and does not grant preferential treatment to Plaintiff, its counsel, or any subgroup of the Settlement Class.

4

3.      The Court preliminarily approves the Settlement as fair, reasonable, and adequate and in the best interest of Plaintiff and the other members of the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below.

**Manner and Form of Notice**

4.      The Court approves the Notice substantially in the form attached as Exhibits A-C to the Settlement Agreement.  The proposed Notice Plan detailed in Section 4.1 *et seq.* of the Settlement Agreement, which provides for direct notice via electronic mail and first-class mail (to those members of the Settlement Class for which an email address is unavailable) and via online publication on a settlement specific website, will provide the best notice practicable under the circumstances. This plan and the Notice are reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, the effect of the proposed Settlement (including on the Released Claims); the anticipated motion for attorneys' fees, reimbursement of litigation expenses, and Service Award; and their rights to participate in, opt-out of, or object to any aspect of the proposed Settlement; constitute due, adequate and sufficient notice to members of the Settlement Class; and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules.  The date and time of the Final Approval Hearing shall be included in the Notice before dissemination.

5.      The Court hereby appoints Atticus Administration as Settlement Administrator to carry out the Notice program, effect payment to members of the Settlement Class (following the Settlement becoming Effective and per the deadlines set forth in the Settlement), and otherwise perform all administrative tasks set forth in Section 4 of the Settlement.

6.      No later than 10 days after entry of this Preliminary Approval Order, Defendant shall deposit $10,000 into escrow to cover the costs of Notice. That amount shall be paid to the Settlement Administrator as payment for the Notice printing and dissemination tasks.

7.      Within twenty-one (21) days from entry of this Preliminary Approval Order, the Settlement Administrator shall cause the Notice substantially in the form of Exhibit A to the Agreement to be electronically mailed to members of the Settlement Class at the email address on file for such members of the Settlement Class for whom a valid email address is included in the potential settlement class list.  Within twenty-eight (28) days from entry of this Preliminary Approval Order, the Settlement Administrator shall cause the Notice substantially in the form of Exhibit B to the Agreement to be mailed by First Class U.S. Mail to members of the Settlement Class on the potential settlement class list for whom a valid email address is not included in the potential settlement class list or for whom the Settlement Administrator becomes aware that the transmission of email Notice has twice failed to reach the intended recipient.  Within fourteen (14) days from entry of this Preliminary Approval Order, the Settlement Administrator shall provide Notice on the Settlement Website, which shall be administered and maintained by the Settlement Administrator and which shall provide the Settlement Class the ability to submit Election Forms and to update mailing addresses.  Copies of the Agreement, the Email ("long-form") Notice, the operative complaint, the motions for preliminary and final approval and other pertinent documents, Court filings, and orders pertaining to the Agreement (including the motion for attorneys' Fee & Cost Award upon its filing), shall be provided on the Settlement Website. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit C to the Agreement.

8.      The dates provided for herein may be extended by Order of the Court, for good cause shown, without further notice to the Settlement Class.

### The Final Approval Hearing

9.      The Court will hold a Final Approval Hearing on **Friday, December 4, 2026, at 10:00 A.M.** in Courtroom 20C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York, 10007, for the following purposes: (i) to finally determine whether the Settlement Class satisfies the applicable requirements for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3); (ii) to determine whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class; (iii) to consider Class Counsel's application for an award of attorneys' fees, reimbursement of litigation expenses, and Service Awards; and (iv) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

10.      Papers in support of Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and Service Awards shall be filed <u>fourteen (14) days before the Objection/Opt-Out Deadline (*see* Paragraph 11 *infra*).</u> and posted on the settlement website. Responses to any timely filed objections shall be due <u>fourteen (14) days before the Final Approval Hearing</u>.

### Objections and Appearances at the Final Approval Hearing

11.      Any member of the Settlement Class may appear at the Final Approval Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, or why judgment should or should not be entered, or to comment on or oppose Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and Service Award. No person shall be heard or entitled to contest the approval of the Settlement or, if approved, the

judgment to be entered approving the Settlement, Class Counsel's application for an award of attorneys' fees, reimbursement of litigation expenses, and Service Award, unless that person submitted an objection to the Settlement Administrator in writing on or before eighty-eight (88) days from entry of the Preliminary Approval Order (the "Objection/Opt-Out Deadline") and at the same time (a) filed copies of such papers he or she propose to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Settlement Class Member represented by counsel, filed any objection through the Court's electronic filing system, and (b) sent copies of such papers by mail, hand, or overnight delivery service (or by operation of the Court's electronic filings system) to Class Counsel and Defendant's Counsel.

12.     Any member of the Settlement Class who intends to object to the Settlement must file the objection with the Court, which must be personally signed by the objector, and must include:  (i) the objector's name and address; (ii) an explanation of the basis upon which the objector claims to be a member of the Settlement Class; (iii) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (iv) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (v) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).  Members of the Settlement Class who file objections are still entitled to receive benefits under the Settlement and are bound by the Settlement if it is approved.

13.     If a member of the Settlement Class or any of the Objecting Attorneys has objected to any other class action settlement where the objector or the Objecting Attorneys asked for or

received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received.

14.    Attendance at the Final Approval Hearing is not necessary, but persons wishing to be heard orally in connection with approval of the Settlement and/or the application for an award of attorneys' fees, reimbursement of expenses, and service awards must indicate in their written objection their intention to appear at the hearing.

### Requests For Exclusion From The Settlement Class

15.    A Settlement Class Potential Member may request to opt out of the Settlement and, therefore, of the Settlement Class by sending a written request postmarked to the Settlement Administrator on or before the Objection/Opt-Out Deadline, *i.e.,* eighty-eight (88) days from entry of this Preliminary Approval Order.  To exercise the right to opt out, a Settlement Class Potential Member must timely send a written request to opt out to the Settlement Administrator providing their name and address, a signature, the name and number of the Action (*Sol Tan Tanning & Spa, LLC et al. v. Hydrfacial LLC dba The Hydrafacial Company*, No.1:24-cv-8073-VEC before the United States District Court for the Southern District of New York), and a statement that the Settlement Class Potential Class Member wishes to opt out of (*i.e.,* be excluded from) the Settlement Class.  To be valid, a request to opt out must be postmarked or received by the date specified in the Notice.  A request to opt out that does not meet all of these requirements, or does not contain the foregoing required information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and any Settlement Class Potential Class Member serving such an invalid opt out request shall be a member of the Settlement Class and shall be bound as a member of the

Settlement Class by the Settlement Agreement and Settlement, if approved. Any Settlement Class Potential Member who validly elects to opt out from this Settlement Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under the Settlement Agreement or Settlement; (iii) gain any rights by virtue of the Settlement Agreement or Settlement; or (iv) be entitled to object to any aspect of the Settlement Agreement or Settlement. The request to opt out must be personally signed by each Settlement Class Potential Class Member requesting to opt out. So-called "mass" or "class" requests to opt out shall not be allowed.

16.     A Settlement Class Potential Member is not entitled to submit both a request to opt out and an objection. If a Settlement Class Potential Member submits both a request to opt out and an objection, the Settlement Administrator will send a letter (and email if an email address is available) that explains that the Settlement Class Potential Member may not make both a request to opt out and an objection and that asks the Settlement Class Potential Member to make a final decision whether to opt out from the Settlement Class or to object to the Settlement and to inform the Settlement Administrator of that decision within ten (10) days from the date of the postmark on the letter from the Settlement Administrator. If the Settlement Class Potential Member does not respond to that communication by letter postmarked or email sent within ten (10) days after the Settlement Administrator's letter was postmarked (or by the Objection/Opt-Out Deadline, whichever is later), the Settlement Class Potential Member will be deemed to have chosen to opt out from the Settlement Class, and the Settlement Class Potential Member's objection will not be considered, subject to the Court's discretion. A list of Settlement Class Potential Members who have validly opted out shall be provided to and approved by the Court in connection with the motion for final approval of the Settlement.

**Termination of the Settlement**

17.    If the Settlement fails to become effective in accordance with its terms, or if the Final Approval Order and Judgment of Dismissal is not entered or is reversed or vacated on appeal, this Order shall be null and void, the Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Agreement.

**Limited Use of this Order**

18.    The fact and terms of this Order or the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order or the Settlement, and any act performed or document signed in connection with this Order or the Settlement or Agreement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of Defendant to Plaintiffs, the Settlement Class, or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) of any damages or absence of damages suffered by Plaintiffs, the Settlement Class, or anyone else, or (v) that any benefits obtained by the Settlement Class under the Settlement represent the amount that could or would have been recovered from Defendant in this Action if it were not settled at this time. The fact and terms of this Order or the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order or the Settlement, including the judgment and the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order, the Final Approval Order and Judgment of Dismissal, and/or the Settlement.

19.      No Party or counsel to a Party in this Action shall have any liability to any member of the Settlement Class for any action taken substantially in accordance with the terms of this Order.

### Reservation of Jurisdiction

20.      The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

**SO ORDERED.**

**Date:   June 25, 2026**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**

# EXHIBIT A

To:

From: <mark>SyndeoSettlement@atticusadmin.com</mark>

Subject: Notice of Class Action Settlement

<<FirstName>> <<LastName>>
<<BusinessName>>
Class Member ID: <<Secondary_ID>>

<u>**NOTICE OF CLASS ACTION SETTLEMENT**</u>

**If you purchased, leased, or otherwise acquired a Syndeo within the borders of New York State on or before <mark>PAO Date</mark> you may be included in a class action lawsuit and entitled to receive a Cash Award under the terms of a proposed settlement. Please read this Notice and visit the Settlement Website for more information.**

<u>**WHO IS INCLUDED?**</u>

In the lawsuit *Sol Tan Tanning & Spa, LLC et al. v. Hydrafacial LLC dba The Hydrafacial Company*, Case No. 1:24-cv-08073-VEC (S.D.N.Y.) you are a Settlement Class Member if you purchased, leased, or otherwise acquired a Syndeo in the State of New York on or before <mark>PAO Date</mark>.

<u>**WHAT IS THIS LAWSUIT ABOUT?**</u>

Plaintiffs alleged that the Syndeo device manufactured by Defendant includes defects and non-conformities in violation of the law or duty. Defendant denies the allegations but agreed to pay $925,000 ("Settlement Fund") to settle the lawsuit.

<u>**WHAT DOES THE SETTLEMENT PROVIDE**</u>?

Settlement Class Members who remain in the Class will be eligible to receive an equal portion of the "Available Settlement Fund" that remains after Class Counsel's Fee & Cost Award, the Class Representative's Service Award, and the Settlement Administration Expenses are paid from the Settlement Fund and the Settlement receives final approval and any appeals have been resolved in favor of the Settlement.

<u>**WHAT ARE MY RIGHTS AND OPTIONS?**</u>

- **<u>Do Nothing</u>:** Receive a mailed check as your Cash Award and be bound by the terms of the Settlement Agreement, including the Release.

- **<u>Submit an Election Form</u>**: Complete and submit an online Election Form at www.SettlementWebsite.com to receive your Cash Award as an electronic payment instead of a mailed check.

- **<u>Opt-Out</u>:** Exclude yourself by sending a written opt-out request to the Settlement Administrator postmarked no later than <mark>**NoticeDate+60**</mark>. You will not receive a Cash Award and will retain your legal rights. Visit the Settlement Website for details.

- **<u>Object</u>.** If you do not exclude yourself, you have the right to object and inform the Court why you do not like the Settlement. Written objections must be signed, postmarked no later than <mark>**NoticeDate+60**</mark>, and provide the reasons for the objection. Please visit the Settlement Website for details.

- **Appear in Court**. If you object, you can request to appear at the Final Approval Hearing to speak to the Court about your objection. Complete information on filing a notice of intent to appear at the hearing is available on the Settlement Website.

## THE FINAL APPROVAL HEARING

The Court will hold a Final Approval Hearing on **Date** at **Time** to determine if the settlement is fair, reasonable, and adequate and whether to approve Class Counsel's Fee & Cost Award and the Class Representative's Service Award. If there are objections, the Court will also consider them. The hearing will take place in Courtroom ___ at the Name Courthouse located at address. The date is subject to change without notice to the Settlement Class – please check the Settlement Website for updates. You are not required to attend.

## THE LAWYERS REPRESENTING YOU

The Court appointed Roy A. Katriel of The Katriel Law Firm, and Ralph B. Kalfayan of The Kalfayan Firm to serve as "Class Counsel" to represent the best interests of the Settlement Class. You may, however, hire your own attorney at your own expense if you wish.

Class Counsel will ask the Court to approve a Fee & Cost Award not to exceed $277,500 and a Service Award for Class Representative Spa Thirsty, Inc.'s service to the Settlement Class for $10,000. Papers supporting these awards will be available online after they are filed.

## MORE INFORMATION

Visit the Settlement Website at www.SettlementWebsite.com or contact the Settlement Administrator's office by phone at 1-8XX-XXX-XXXX, by email at SyndeoSettlement@atticusadmin.com, or by mail at Syndeo Settlement, PO Box 64053, St. Paul, MN 55164. Please do not contact the Court.

# EXHIBIT B

Syndeo Settlement
c/o Atticus Administration
PO Box 64053
St. Paul, MN 55164

**NOTICE OF CLASS ACTION**
**SETTLEMENT**

If you purchased, leased, or otherwise acquired a Syndeo within the borders of New York State on or before PAO Date you may be included in a class action lawsuit and entitled to receive a Cash Award under the terms of a proposed settlement. Please read this Notice and visit the Settlement Website for more information.

**www.SettlementWebsite.com**





Class Member ID: <<Secondary_ID>>

<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>

## WHO IS INCLUDED?

In the lawsuit *Sol Tan Tanning & Spa, LLC et al. v. Hydrafacial LLC dba The Hydrafacial Company*, Case No. 1:24-cv-08073-VEC (S.D.N.Y.) you are a Settlement Class Member if you purchased, leased, or otherwise acquired a Syndeo in the State of New York on or before PAO Date.

## WHAT IS THIS LAWSUIT ABOUT?

Plaintiffs alleged that the Syndeo device manufactured by Defendant includes defects and non-conformities in violation of the law or duty. Defendant denies the allegations but agreed to pay $925,000 ("Settlement Fund") to settle the lawsuit.

## WHAT DOES THE SETTLEMENT PROVIDE?

Settlement Class Members who remain in the Class will be eligible to receive an equal portion of the "Available Settlement Fund" that remains after Class Counsel's Fee & Cost Award, the Class Representative's Service Award, and the Settlement Administration Expenses are paid from the Settlement Fund and the Settlement receives final approval and any appeals have been resolved in favor of the Settlement.

## WHAT ARE MY RIGHTS AND OPTIONS?

**Do Nothing:** Receive a mailed check as your Cash Award and be bound by the terms of the Settlement Agreement, including the Release.

**Submit an Election Form:** Complete and submit an online Election Form at www.SettlementWebsite.com to receive your Cash Award as an electronic payment instead of a mailed check.

**Opt-Out:** Exclude yourself by sending a written opt-out request to the Settlement Administrator postmarked no later than NoticeDate+60. You will not receive a Cash Award and will retain your legal rights. Visit the Settlement Website for details.

**Object:** If you do not exclude yourself, you have the right to object and inform the Court why you do not like the Settlement. Written objections must be signed, postmarked no later than NoticeDate+60, and provide the reasons for the objection. Please visit the Settlement Website for details.

**Appear in Court:** If you object, you can request to appear at the Final Approval Hearing to speak to the Court about your objection. Complete information on filing a notice of intent to appear at the hearing is available on the Settlement Website.

## THE FINAL APPROVAL HEARING

The Court will hold a Final Approval Hearing on **Date** at **Time** to determine if the settlement is fair, reasonable, and adequate and whether to approve Class Counsel's Fee & Cost Award and the Class Representative's Service Award. If there are objections, the Court will also consider them. The hearing will take place in Courtroom ___ at the Name Courthouse located at address. The date is subject to change without notice to the Settlement Class – please check the Settlement Website for updates. You are not required to attend.

## THE LAWYERS REPRESENTING YOU

The Court appointed Roy A. Katriel of The Katriel Law Firm and Ralph B. Kalfayan of The Kalfayan Firm to serve as Class Counsel" to represent the best interests of the Settlement Class. You may, however, hire your own attorney at your own expense if you wish. Class Counsel will ask the Court to approve a Fee & Cost Award not to exceed $277,500 and a Service Award for Class Representative Spa Thirsty, Inc.'s service to the Settlement Class for $10,000. Papers supporting these awards will be available online after they are filed.

## MORE INFORMATION

Visit the Settlement Website at www.SettlementWebsite.com or contact the Settlement Administrator's office by phone at 1-XXX-XXX-XXXX, by email at SyndeoSettlement@atticusadmin.com, or by mail at Syndeo Settlement, PO Box 64053, St. Paul, MN 55164. Please do not contact the Court.

# EXHIBIT C

# NOTICE OF CLASS ACTION SETTLEMENT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sol Tan Tanning & Spa, LLC et al., | Case No. 1:24-cv-08073-VEC |
|     Plaintiffs, | |
| v. | |
| Hydrafacial LLC dba The Hydrafacial Company, | |
|     Defendant. | |

**IF YOU PURCHASED, LEASED, OR OTHERWISE ACQUIRED A SYNDEO WITHIN THE BORDERS OF NEW YORK STATE ON OR BEFORE <mark>PAO DATE</mark> YOU MAY BE INCLUDED IN A CLASS ACTION LAWSUIT AND ENTITLED TO RECEIVE A CASH AWARD UNDER THE TERMS OF A PROPOSED SETTLEMENT.**

*A federal court authorized this Notice.*
*You are not being sued. This is not a solicitation from a lawyer.*

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING** | If you do nothing, you will receive a Cash Award as a check sent to you by mail and be bound by the Settlement Agreement, including the Release. |
| **ELECT PAYMENT TYPE** <mark>NoticeDate+60</mark> | You may choose whether to receive your Cash Award by check or electronic payment by submitting an Election Form. If you do not submit an Election Form you will be mailed a check. |
| **OPT-OUT** <mark>NoticeDate+60</mark> | You may exclude yourself from the Settlement Class by sending a timely written opt out request to the Settlement Administrator. You will retain your legal rights but will not receive a Cash Award. |
| **OBJECT** <mark>NoticeDate+60</mark> | You may object to the Settlement Agreement by filing a written objection with the Court. You can still receive a Cash Award. |
| **APPEAR IN COURT** <mark>NoticeDate+60</mark> | If you file an objection, you can request to appear at the Final Approval Hearing on <mark>Date</mark> at <mark>Time</mark> personally or through your own attorney to speak to the Court about your objection. Notice of your intent to appear must be included in your objection. |

1

**These rights and options and the deadlines to exercise them are explained in this Notice. Please read it carefully to understand your legal rights.**

# BASIC INFORMATION

| 1. WHY DID YOU RECEIVE A NOTICE? |
| --- |

Defendant's records indicate that you purchased, leased, or otherwise acquired a Syndeo in the state of New York on or before PAO Date. The Notice was sent because you have a right to know about the proposed Settlement and your legal rights.

| 2. WHAT IS A CLASS ACTION? |
| --- |

A class action is a type of lawsuit where one or more people or entities called Class Representatives (in this case, "Spa Thirsty, Inc.") sue on behalf of people or entities who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Settlement.

| 3. WHO IS INCLUDED IN THE SETTLEMENT CLASS? |
| --- |

You are a member of the "Settlement Class" if you purchased, leased, or otherwise acquired a Syndeo in the state of New York on or before PAO Date. If you meet the Settlement Class definition and do not timely opt out, you are a "Settlement Class Member" and will be bound by the terms of the Settlement Agreement.

| 4. WHAT IS THIS LAWSUIT ABOUT? |
| --- |

The case is titled *Sol Tan Tanning & Spa, LLC et al. v. Hydrafacial LLC dba The Hydrafacial Company and The Beauty Health Company*, Case No. 1:24-cv-08073-VEC C (S.D.N.Y.) (the "Action").

Plaintiffs allege the Syndeo device manufactured by Defendant includes defects or non-conformities in violation of law or duty. Defendant denies the allegations and that it did anything wrong.

| 5. WHY IS THERE A SETTLEMENT? |
| --- |

The Court has not decided who should win this case. Instead, both sides agreed to a settlement to avoid the uncertainties and expenses associated with litigation, and Class Members will get compensation soon rather than, if at all, years from now. The Class Representative believes that the Settlement is in the best interests of all Class Members.

# THE SETTLEMENT BENEFITS – YOUR CASH AWARD

| 6. WHAT DOES THE SETTLEMENT PROVIDE? |
| --- |

2

Defendant will pay $925,000.00 to settle this class action ("Settlement Fund"). Settlement Class Members who do not opt-out of the Settlement will receive an equal portion of the "Available Settlement Fund" after payment of Class Counsel's Fee & Cost Award, Class Representative's Service Award, Settlement Administration Expenses, and any other costs, fees or expenses approved by the Court. The exact Cash Award amount cannot be calculated at this time because it will depend on the total number of participating Settlement Class Members and the value of the other awards paid from the Settlement Fund.

## 7. HOW AND WHEN WILL CASH AWARDS BE PAID?

The Court will hold a hearing on Final Hearing Date to decide whether to approve the Settlement. Payments cannot be distributed until after the Settlement becomes final. If the Court approves the Settlement, there may be appeals afterwards. It is uncertain whether there will be any appeals or how long an appeal might take to resolve.

Cash Awards are expected to be paid within 60 days after the Settlement has received final approval and any appeals have been resolved in favor of the Settlement. All payments will expire and become void 180 days after they are issued.

You may complete and submit an online Election Form to choose to receive a Cash Award by check or electronic payment. Election Forms must be submitted on or before NoticeDate+60. You are not required to submit an Election Form to receive a Class Award. Settlement Class Members who do not submit Election Forms will receive a Cash Award in the form of a check sent by mail.

## 8. DO I HAVE TO SUBMIT AN ELECTION FORM?

No. If you do not timely submit an Election Form you will receive a Cash Award in the form of a check sent by mail to your last known address. If your address has changed or you received Notice of the settlement by mail and the address was incorrect, you must notify the Settlement Administrator's office of your new or correct address.

## 9. WHAT ELECTRONIC PAYMENT OPTIONS ARE THERE?

If you complete and timely submit an Election Form by NoticeDate+60, you can choose to receive your Cash Award by Venmo, PayPal, Zelle, Direct Deposit, or a virtual e-Mastercard.

# YOUR RIGHTS AND OPTIONS

## 10. WHAT HAPPENS IF I DO NOTHING?

If you do nothing, you will remain a Settlement Class Member and you will be eligible to receive a Cash Award if/when the Settlement is approved and becomes final. You will also be bound by the terms of the Settlement Agreement and be barred from bringing or maintaining any action of any kind against any of the Released Parties concerning the Released Claims.

**11. CAN I BE EXCLUDED FROM THE SETTLEMENT? HOW DO I OPT-OUT?**

If you do not want to participate, receive a Cash Award, or be bound by the terms of the Settlement Agreement you may request exclusion or "opt-out" of the Settlement Class by sending a written request to the Settlement Administrator, postmarked on or before NoticeDate+60.

Your written request to opt out must include: (1) your name and address, (2) a signature, (3) the name and number of the Action - *Sol Tan Tanning & Spa, LLC et al. v. Hydrafacial LLC dba The Hydrafacial Company*, Case No. 1:24-cv-08073-VEC; and (4) a statement that you wish to opt out of (i.e., be excluded from) the Settlement Class.

To be valid, the opt-out request must be postmarked or otherwise received by the Settlement Administrator's office by NoticeDate+60:

Syndeo Settlement
c/o Atticus Administration
PO Box 64053
St. Paul, MN 55164
SyndeoSettlement@atticusadmin.com

**12. IF I EXCLUDE MYSELF, CAN I OBJECT?**

No. A Settlement Class Member is not entitled to submit an opt out request and an objection.

**13. WHAT IS THE DIFFERENCE BETWEEN OPTING OUT AND OBJECTING?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you remain a Settlement Class Member. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself from the Settlement, you have no basis to object because the Settlement no longer affects you.

**14. IF I EXCLUDE MYSELF, CAN I GET A CASH AWARD?**

No. If you exclude yourself, you will not receive a Cash Award because you will no longer be a Settlement Class Member.

**15. HOW DO I OBJECT TO THE SETTLEMENT?**

If you are a Settlement Class Member you may object to the Settlement or any part of it that you don't like. You can give reasons why you think the Court should not approve the Settlement. The Court will consider your views. If you object, you will still receive a Cash Award. Your objection must be filed with the Court on or before NoticeDate+60. Copies of your objection must also be sent to Class Counsel and Defendant's Counsel at the addresses below.

4

The objection must be personally signed and include the following: (1) your name and address, (2) an explanation of the basis upon which you claim to be a Settlement Class Member, (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection, (4) the name and contact information of any and all attorneys representing, advising, or assisting the you in connection with the objection or who may profit from the pursuit of the objection ("Objecting Attorneys"), (5) a statement indicating whether the you intend to appear at the Final Approval Hearing personally or through counsel, and (6) a statement sufficiently showing that the person submitting and signing the objection on behalf of the objector has the legal power and authority to do so, if the objector is not a natural person.

If a member of the Settlement Class or any of the Objecting Attorneys has objected to any other class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received.

Your objection must be filed with the Clerk of the Court and sent to Class Counsel and Defendant's Counsel at the addresses below or via the Court's electronic filing system if an attorney represents you.

| CLERK OF THE COURT | CLASS COUNSEL | DEFENDANT'S COUNSEL |
|---|---|---|
| ADDRESS | Roy A. Katriel<br>The Katriel Law Firm, PC<br>2262 Carmel Valley Rd<br>Suite 201<br>Del Mar, CA 92014<br><br>Ralph B. Kalfayan<br>The Kalfayan Firm, APC<br>2262 Carmel Valley Rd<br>Suite 200<br>Del Mar, CA 92014 | John C. Scalzo<br>Zachary B. Kaye<br>Reed Smith LLP<br>599 Lexington Ave<br>22ND Floor<br>New York, NY 10022 |

# THE LAWYERS REPRESENTING YOU

## 16. DO I HAVE A LAWYER IN THIS CASE?

Yes. The Court appointed Roy A. Katriel of The Katriel Law Firm, and Ralph B. Kalfayan of The Kalfayan Firm to represent the best interests of the Settlement Class. These attorneys are called "Class Counsel."

## 17. SHOULD I GET MY OWN LAWYER?

You do not need to hire your own attorney because Class Counsel is working on your behalf and represents the best interests of the Settlement Class. If you want to hire your own attorney, you may do so at your own expense.

5

## 18. HOW WILL CLASS COUNSEL BE PAID?

Class Counsel will ask the Court to approve a "Fee & Cost Award of not more than thirty percent (30%) of the Settlement Fund (i.e., $277,500), plus actual costs and expenses. Defendant and Defendant's Counsel have agreed not to oppose such a request. Class Representative Spa Thirsty, Inc. will also ask the Court to consider a Service Award in the amount of $10,000.00 in recognition of its service to the Settlement Class. The Court may award less that these amounts. Defendant and Defendant's Counsel have agreed not to oppose these requests.

Class Counsel must file papers supporting the Fee & Cost Award and Service Award in advance of the Final Approval Hearing. Those papers will be posted on the Settlement Website at www.SettlementWebsite.com after they are filed.

# FINAL APPROVAL HEARING

## 19. WHEN AND WHERE IS THE FINAL APPROVAL HEARING?

The Court will hold a Final Approval Hearing to decide whether the Settlement is fair, reasonable, and adequate and whether to approve the Class Counsel's Fee & Cost Award and the Class Representative's Service Award. The Final Approval Hearing will be held on Date at Time in Courtroom __ at Courthouse Name Courthouse located at Address.

The hearing date and time may change without further notice to the Settlement Class. You may check the Settlement Website at www.SettlementWebsite.com for updates.

## 20. DO I HAVE TO ATTEND THE HEARING?

No. Class Counsel will answer any questions the Court may have. You are welcome to come at your own expense, but you are not required to do so. If you file an objection, you do not have to attend the hearing to talk to the Court about it. If your written objection was submitted on time and meets the other criteria described above, the Court will consider it.

# MORE INFORMATION

## 21. WHERE CAN I GET MORE INFORMATION?

You can visit the Settlement Website at www.SettlementWebsite.com for access to Court documents and further details. You may also contact the Settlement Administrator for additional information by email at SyndeoSettlement@atticusadmin.com, by toll-free telephone at 1-8XX-XXX-XXXX, or by mail at Syndeo Settlement, c/o Atticus Administration, PO Box 64053, St. Paul, MN 55164.

You may also contact Class Counsel listed above for additional information.

**PLEASE DO NOT CONTACT THE COURT.**